■ In the Matter of RICHARD ABELOW et al., Respondents-Appellants, and WILLIAM H. JOYCE et al., Respondents, v. FRED F. FRENCH INVESTING COMPANY, INC., et al., Appellants-Respondents.— Resettled order entered December 18, 1961 and judgment entered May 29, 1962, directing respondent Fred F. French Investing Company, Inc., to pay to each petitioner or his or its assigns the amount of $46, together with interest thereon at the rate of 6% per annum from July 27, 1959, for each share of preferred stock of Tudor City Fifth Unit, Inc., surrendered by him, modified, on the law and on the facts, as to each appellant to provide for the payment of $65, with interest at 6% per annum from July 27, 1959, for each share of said stock, and, as so modified, affirmed, with costs to prevailing parties. The appraisal date is July 26, 1959. The appraised annual rent roll as of July, 1959 was $187,333. The gross annual rents increased progressively since 1954. The average monthly unfurnished room rent was about $40, considerably less than comparable uncontrolled accommodations. On this record we conclude the reasonable market value of the corporation's real property was $1,125,000, as testified to by the petitioner's real estate expert. We hold this is about the price that a willing buyer would pay and for which a willing seller would sell the real property of Tudor City Fifth Unit, Inc., if the property were free of the corporate ownership and the various burdens represented by that ownership. This figure is in line with testimony to the effect that such a price would not be less than six times the rent roll which would bring the price to approximately $1,124,000. The corporation's other assets were appraised at $132,601; its liabilities at $339,420. We confirm the appraised values of the corporation's assets and liabilities, except as indicated in respect of its real property. We conclude the net asset value of the corporation was $918,181. The outstanding shares of preferred stock were 10,604; the net asset value of each said share was $86.58. The weight to be accorded market value, investment value and net asset value in proceedings to appraise dissenting stockholders' stock in a corporation on consolidation will vary in accordance with the facts. Nevertheless, all factors relevant on actual value should be taken into consideration. In respect of a real estate corporation, however, we believe that net asset value is entitled to maximum weight, although cognizant that it is not the liquidation but the going concern value which controls. The appraiser gave this factor 40% which we consider too low. The weight to be given market value is related to the nature and extent of the market in the stock and how fairly it reflects the judgment of informed buyers and sellers. The market value of this stock is of very little significance because the trading in it was so limited that it can hardly be said to reflect the judgment of informed buyers and sellers. However, the appraiser assigned a weight of 5% to the market value. In our opinion this was minimal and we will not disturb that finding. (Cf. *Matter of Silverman [Hoe & Co.]*, 282 App. Div. 252, 259.) The investment value, which reflects such factors as capitalization of the company, earnings and dividend record, position in the industry, prospects of the business and the industry, and the over-all value of its securities in relation to general market conditions, should be given some weight but in the case of a real estate corporation not nearly as much weight as in the

case of an industrial or commercial concern. The appraiser gave this factor 55% which we consider too high. In sum, on the facts here present, we give minimal consideration to market value; we consider investment value relevant but not controlling; and we give predominant weight to net asset value. We have thus considered all factors relevant on actual value in accordance with the authorities. (*Matter of Fulton*, 257 N. Y. 487; *Matter of Silverman* [*Hoe & Co.*], *supra*; *Matter of Behrens*, 61 N. Y. S. 2d 179, affd. *sub nom. Matter of Standard Coated Prods. Corp.*, 271 App. Div. 1007.) They include the absence of voting rights, the accumulated dividends per share of $165, and the adverse interests of the holders of common stock forecasting a dim view of the rights of the holders of the preferred stock. Accordingly, we hold the actual value of each share thereof as of July 26, 1959 was $65. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.